Linda J. LOTSPEICH, Relator,

v.

ALLIANCE HEALTH SERVICES,
Commissioner of Economic
Security, Respondents.

No. C3–95–689.

Court of Appeals of Minnesota.

Aug. 22, 1995.

James Laurence, Southern Minnesota Regional Legal Services, Inc., Prior Lake, for Linda Lotspeich.

Kent E. Todd, Dept. of Economic Sec., St. Paul, for Com'r of Economic Sec.

Considered and decided by AMUNDSON, P.J., and DAVIES and HOLTAN, JJ.*

## OPINION

DAVIES, Judge.

Linda Lotspeich appeals the Minnesota Department of Economic Security's denial of reemployment insurance benefits based on her discharge for misconduct. We reverse.

## FACTS

Alliance Health Services (employer) provides in-home personal care attendants for Dakota County Social Services (county). With the county's approval, the employer hired Lotspeich to provide 24–hour care and supervision for her father, a stroke victim who has a permanent tracheal tube requiring occasional suctioning. Failure to promptly suction could result in death.

In September 1994, the county received a report that Lotspeich had on occasion left her father alone with her 12–year–old daughter. The county assigned social worker Doris Wilker to investigate. Wilker confirmed the report, but also found that Lotspeich had left her daughter specific care instructions and had told her how to reach emergency help if any problems arose. Lotspeich also had always been near a phone and available quickly.

Lotspeich promised Wilker that in the future she would not leave her father alone with her daughter. But when Wilker received an unconfirmed report that the practice was continuing, she concluded that this "substantiated" the allegation of "vulnerable adult neglect," finding it irresponsible of Lotspeich—employed to provide 24–hour supervision for her father—to leave him alone with a child who did not know how to suction the tube.

The county cancelled its contract with the employer for the father's care and arranged for another personal care attendant. After receiving a one-page report on the county's investigation and actions, the employer terminated Lotspeich's employment without conducting an independent investigation.

The Department of Economic Security (Department) initially granted Lotspeich's claim for reemployment insurance benefits, and a Department referee affirmed. Upon appeal, the Commissioner's representative reversed, holding that Lotspeich had been discharged for misconduct and was disqualified from receiving reemployment insurance benefits. Lotspeich appeals.

## ISSUE

Did the Commissioner err in determining that Lotspeich committed misconduct?

## ANALYSIS

Reemployment benefits are intended for individuals who are unemployed through "no fault of their own." Minn.Stat. § 268.03. Accordingly, individuals terminated for misconduct are not qualified to receive benefits. Minn.Stat. § 268.09(1)(b) (1994).

Upon review, this court is bound by factual findings that are reasonably supported by the evidence, but we may exercise independent judgment in reviewing questions of law. *Smith v. Employers' Overload Co.,* 314 N.W.2d 220, 221 (Minn.1981). The employer bears the burden of proving misconduct, *Lumpkin v. North Central Airlines,*

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

*Inc.,* 296 Minn. 456, 459–60, 209 N.W.2d 397, 400 (1973). Misconduct is to be narrowly construed, *Smith,* 314 N.W.2d at 222.

■ Lotspeich asserts that the Commissioner erred in concluding that the discharge was for misconduct. In finding misconduct, the Commissioner relied on evidence that the county found "vulnerable adult neglect" and that the employer discharged Lotspeich because of the county's report. Lotspeich argues, however, that in dismissing her for misconduct, the employer impermissibly relied on the county's report. We agree.

■ The employer, not a third party, must determine that an employee's conduct was wilful, deliberate, or culpable. In *Walseth v. L.B. Hartz Wholesale,* 399 N.W.2d 207, 209 (Minn.App.1987), this court concluded that an employer, in effect, impermissibly delegated the determination of misconduct to an insurer when it discharged a driver solely because the insurer refused to cover the employee due to his off-duty traffic violations. *Id.* The employer failed to meet its obligation when it did not independently determine that the employee's conduct in committing the traffic violations constituted misconduct. *Id.*

Similarly, the employer here took no action to determine whether the county's conclusions were justified. The employer made no effort to verify whether and under what conditions Lotspeich left her 12–year–old daughter alone with the grandfather or whether her conduct evidenced a wilful disregard of the employer's interests. The employer gave Lotspeich no opportunity to challenge the county's conclusions.

We further note that the system of using independent companies to provide personal care service attendants has been adopted specifically to stop sole reliance on county agency oversight. That purpose went unserved here when the employer relied entirely on the county's termination of the employer's contract as the basis for discharging Lotspeich.

## DECISION

Because the employer made no independent determination that Lotspeich's conduct constituted misconduct, the Commissioner erred in denying reemployment insurance benefits on the grounds that she was discharged for misconduct.

**Reversed.**